## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**TOMMIE LEE DOCKERY**

                                                **PLAINTIFF**

**VERSUS**                                         **CAUSE NO. 3:15-CV-139-MPM-JMV**

**TUNICA COUNTY, MISSISSIPPI**                                **DEFENDANT**

                                                **JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT

Plaintiff hereby files this First Amended Complaint to add Exhibit "B," his right-to-sue letter from the EEOC dated September 22, 2015.

This is an action to recover actual and liquidated damages for age discrimination. The following facts support this action:

1.

Plaintiff TOMMIE LEE DOCKERY is an adult resident citizen of 3315 Highway 61 North #102, Tunica, Mississippi 38676.

2.

Defendant TUNICA COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi. It may be served with process upon the Chancery Clerk of Tunica County, Mississippi, Rechelle R. Siggers, at the Tunica County Courthouse, 1300 School Street, Tunica, Mississippi 38676.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. §1343, to redress claims arising under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq.

4.

Plaintiff is a sixty-nine (69) year old black male.

5.

Plaintiff was employed for Tunica County, Mississippi, for over nineteen (19) years as a truck driver and road hand. Plaintiff's supervisor repeatedly stated that he did not think Plaintiff and the driver of the truck in which Plaintiff was a laborer, Bobby Watson, were doing an adequate job because of their ages. Watson was over seventy (70) years old. Pressure was placed upon Plaintiff to retire.

6.

In January 2014, the County and Road Department Manager, Joe Hawkins, called Plaintiff into his office and told him, "I am going to retire you in June."

7.

Ultimately, Hawkins called Plaintiff into his office, turned on a tape recorder, and asked him questions designed to show that he was not forcing him to retire. Plaintiff did finally state that he would "go ahead and leave." This was not voluntary, but was because the County was making it so difficult that Plaintiff was forced into leaving. His retirement was involuntary.

8.

The age discrimination against Plaintiff has been willful.

9.

Plaintiff is entitled to actual and liquidated damages, and an order of reinstatement.

10.

On April 30, 2014, Plaintiff filed his EEOC charge regarding age discrimination, Exhibit "A," and has received a right-to-sue letter, dated September 22, 2015, Exhibit "B."

### REQUEST FOR RELIEF

Plaintiff requests actual and liquidated damages, in an amount to be determined by a jury, for reinstatement, and for reasonable attorneys' fees, costs and expenses.

RESPECTFULLY SUBMITTED, this the 29th day of September, 2015.

TOMMIE LEE DOCKERY, Plaintiff

By: */s/ Jim Waide*
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
Rachel Pierce Waide, MS Bar No. 100420
rpierce@waidelaw.com
WAIDE & ASSOCIATES, P.A.
332 North Spring Street
Tupelo, MS 38802-3955
Post Office Box 1357
Tupelo, MS 38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I, Jim Waide, attorney for Plaintiff, do hereby certify that I have this day electronically filed the above and foregoing with the Clerk of the Court, utilizing the ECF system, which sent notification of such filing to the following:

**Sidney Ray Hill, III, Esq.**
**rhill@claytonodonnell.com**
**khill@claytonodonnell.com**

THIS 29th day of September, 2015.

*/s/ Jim Waide*
JIM WAIDE